IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LINDY GRANT HEARD,                     §
                                       §
          *Petitioner*,                §
                                       §
v.                                     §          CIVIL ACTION NO. H-07-1670
                                       §
NATHANIEL QUARTERMAN,                  §
                                       §
          *Respondent*.                §

## MEMORANDUM OPINION AND ORDER

Lindy Grant Heard, an inmate of the Texas Department of Criminal Justice –
Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, seeks habeas
corpus relief under 28 U.S.C. § 2254 challenging his state felony conviction for arson.
Respondent filed a motion for summary judgment (Docket Entry No. 13), to which petitioner
responded (Docket Entry No. 16).

Based on consideration of the pleadings, the motion and response, the record, and the
applicable law, the Court GRANTS summary judgment and DISMISSES this case.

### Procedural Background

Petitioner pleaded guilty to arson, without an agreed recommendation, under cause
number 940357 in the 174th Judicial District of Harris County, Texas.  The trial court
assessed punishment at 20 years incarceration.  The conviction was affirmed on appeal.
*Heard v. State*, No. 01-03-01034-CR (Tex. App.–Houston [1st Dist.] 2004, no pet.).
Petitioner did not seek discretionary review.  The Texas Court of Criminal Appeals denied

petitioner's state habeas application without a written order.  *Ex parte Heard*, No. 65,022-02, at cover.

Petitioner raises the following grounds for federal habeas relief:

(1)    denial of due process in the state habeas proceeding;

(2)    trial court error regarding his competency and sanity;

(3)    ineffective assistance of trial counsel in

   (a)    failing to file a motion to suppress;

   (b)    failing to investigate and impeach the complainant;

   (c)    failing to challenge the sanity determination;

   (d)    failing to challenge the competency determination:

   (e)    failing to introduce mitigating evidence at sentencing;

   (f)    failing to permit him to review the presentence investigation report; and

   (g)    failing to meet with petitioner a sufficient number of times.

Respondent argues that he is entitled to summary judgment because petitioner's claims are not cognizable, were procedurally defaulted, or fail under the AEDPA standard of review.

*Factual Background*

The state court of appeals set forth the following statement of facts in its opinion:

During the early morning hours of February 12, 2003, appellant set fire to the house of Martha McKnight, his ex-wife.  Prior to the couple's divorce, appellant had assaulted McKnight, violated a subsequent protective order, and repeatedly threatened to kill her.  McKnight had been hiding from appellant for

2

over three years.  On his counsel's motion, appellant was examined by a psychiatrist, who concluded that appellant was sane at the time of the offense. Appellant's counsel recommended appellant enter a plea of guilty and also requested a competency evaluation.  Appellant refused to cooperate with the psychiatrist for the competency evaluation, but did plead guilty to arson.  Prior to entering the plea, appellant was questioned by the trial court and signed a waiver, stipulation, and judicial confession.

*Heard*, *1-2.  Following a separate punishment hearing, the trial court sentenced petitioner to twenty years incarceration.

### The Applicable Legal Standards

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  28 U.S.C. § 2254.  Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication of the claim was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court.  *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); 28 U.S.C. §§ 2254(d)(1), (2).  A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal

3

principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id*. at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330-31.

The Fifth Circuit Court of Appeals has held that Rule 56 of the Federal Rules of Civil Procedure, which governs motions for summary judgment, applies in context of section 2254 habeas proceedings only to the extent it does not conflict with federal habeas rules. *See Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002) (citing Rule 11 of the Rules Governing Section 2254 Cases in the District Courts). Therefore, 28 U.S.C. § 2254(e)(1) – which mandates that findings of fact made by a state court are presumed to be correct – overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party. *Id*. Unless the petitioner can

rebut the presumption of correctness by clear and convincing evidence as to the state court's findings, those findings must be accepted by this Court as correct.

### Denial of Due Process in State Habeas Proceeding

Petitioner alleges that he was denied due process in the state habeas proceeding. Claims of denial of due process in state habeas proceedings are not cognizable on federal habeas review. *Vail v. Procunier*, 747 F.2d 277 (5th Cir. 1984). Therefore, petitioner's claim is not cognizable by this Court as a basis for relief, and respondent is entitled to summary judgment dismissing this issue.

### Trial Court Error

Petitioner claims that the trial court denied him complete and proper competency and sanity evaluations, as follows.

A.    *Competency Evaluation*

Petitioner claims that, because his competency evaluation was never completed, the trial court erred in finding him competent to plead guilty. The state court of appeals rejected this claim on direct appeal, and held that:

> The record shows, as appellant admits in his brief, that the psychiatrist was unable to complete the competency evaluation because appellant refused to cooperate. Appellant admits that he chose not to cooperate because he 'felt that the examination would hurt' his defense. The fact that the competency evaluation was not completed is of no assistance to appellant in rebutting the presumption of competency. Neither is the argument presented by his trial counsel that it was counsel's opinion that appellant suffered from some mental illness. Statements made by counsel in argument are not evidence. Assuming *arguendo* that mental illness could be proven, that would not be proof of incompetency to stand trial.

> Appellant has pointed to no evidence to show that he was incompetent at the time appellant entered his guilty plea. We hold that appellant has not rebutted the presumption of competency and the trial court did not err in accepting appellant's guilty plea.

*Heard*, *5 (citations omitted). Petitioner contends in the instant proceeding that the trial court erred in finding him competent and allowing him to plead guilty despite his refusal to cooperate with the competency evaluation.

The record shows that petitioner failed to seek discretionary review in the Texas Court of Criminal Appeals challenging the appellate court's rejection of this issue. Although petitioner again raised the issue on collateral review, the trial court refused to re-litigate the claim, finding instead that the issue had been disposed of on direct appeal:

> 3.  Moreover, because the applicant's claims of trial court error and attack on his competency to enter a plea were raised on direct appeal and rejected by the Court of Appeals, these allegations need not be reconsidered on habeas.

*Ex parte Heard*, pp. 89-90 (citations omitted). *See also Ex parte Brown*, 205 S.W.3d 538, 546 (Tex. Crim. App. 2006).

Under the AEDPA, this Court may not grant petitioner's writ of habeas corpus unless it is shown that he exhausted the remedies available in state court, or there is an absence of available state corrective process, or that circumstances exist that render such process ineffective to protect his rights. 28 U.S.C. §§2254(b)(1)(A), (B). To exhaust a claim in accordance with section 2254, a petitioner must fairly present the factual and legal basis of his claim to the highest available court for review prior to raising it in federal court. *Deters*

*v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).  This requires that the state court be given a fair opportunity to pass on the claim, which in turn requires that the applicant present his claim in a procedurally proper manner according to the rules of the state courts.  *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).  Because petitioner did not fully exhaust this competency issue in state court, it is now procedurally barred from consideration by this Court.

Regardless, petitioner's argument is without merit, as he did not rebut the presumption of competency.  In addition to the state appellate court's holding that petitioner failed to rebut his presumed competency, the trial court made the following relevant finding on collateral review:

> 6.    The Court finds unpersuasive the applicant's claim that he was not competent to stand trial.

*Id.*, p. 89.  The trial court further made the following relevant conclusion:

> 2.    The applicant fails to show that he did not have (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or (2) a rational as well as a factual understanding of the proceedings against him.

*Id.*, p. 89 (citation omitted).[1]   Petitioner asserts, however, that because a competency evaluation was ordered, and because trial counsel argued petitioner may have been "mentally

---

[1]To any extent that the state court's findings or conclusions hold that the competency evaluator found petitioner competent to stand trial, the record clearly shows that the competency evaluation was not completed due to petitioner's deliberate refusal to cooperate.  Although such a finding would not be supported by the record, the error would not entitle petitioner to habeas relief, as he has not rebutted the presumption of his competency.

ill," he obviously was incompetent to stand trial.  As shown in the state appellate court's opinion, incompetency is not a self-proving claim, and it was petitioner's burden to prove he was incompetent.   No probative evidence appears in the state court record rebutting petitioner's presumed competency.  Nor can petitioner rebut his presumed competency by pointing fingers at what was *not* done regarding his evaluation.   His allegations of incompetency are conclusory, unsupported in the record, and insufficient to raise a genuine issue of material fact precluding summary judgment.

This Court has carefully examined the record and concludes that petitioner fails to show that the state court's determination to deny habeas relief is in conflict with established federal law or is objectively unreasonable, and fails to rebut the presumption of factual correctness with clear and convincing evidence.  Accordingly, respondent is entitled to summary judgment dismissing this issue.

B.    *Sanity Evaluation*

Petitioner further alleges that the trial court erred in accepting his sanity determination, as the sanity evaluation was "perfunctory" and ignored the fact that he took an antidepressant medication while in jail.  (Docket Entry No. 3, Memorandum, pp. 3, 8.)

Respondent argues that this claim is procedurally barred from consideration by this Court.  As support, respondent asserts that the trial court on collateral review rejected petitioner's claim in the following finding:

3.     Moreover, because the applicant's claims of trial court error and attack on his competency to enter a plea were raised on direct appeal and rejected by the [state appellate court], these allegations need not be reconsidered on habeas.

*Ex parte Heard*, pp. 89-90.  This Court disagrees with respondent's interpretation of this finding.  The state court of appeals' opinion is silent as to the issue of petitioner's sanity determination.  The issue was not raised on appeal and, thus, was not rejected by the court of appeals.  Nor does respondent present relevant state law for any argument that the issue could only be raised on direct appeal.  Accordingly, the state appellate court opinion did not foreclose petitioner's ability to raise this claim on state habeas review.  However, a review of the state court record reveals that, while petitioner did challenge his competency determination on state collateral review, he did not challenge his sanity determination.  Accordingly, this latter issue is unexhausted and procedurally barred from consideration by this Court.

Even assuming the issue were properly before this Court, petitioner's claim is without merit.   The state court record shows that a court-appointed forensic psychologist affirmatively found petitioner legally sane as of the time of the offense.  Clerk's Record at 11-13.  Further, the sanity evaluation clearly evinces that the evaluator reviewed petitioner's jail medical records and was aware that petitioner was taking an antidepressant, Elavil (amitriptyline).  Although petitioner vehemently disagrees with the evaluator's sanity finding, his disagreement is based on the very same factors considered by the evaluator.  Petitioner presents no probative evidence that he was legally insane at the time of the offense, whether

by reason of depression or otherwise.  Petitioner's allegation that he was not sane is conclusory, unsupported in the record, and presents no probative evidence precluding summary judgment on this issue.  Respondent is entitled to summary judgment dismissing this claim.

### *Ineffective Assistance of Counsel*

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel.  U.S. CONST. amend. VI.  A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984).  To assert a successful ineffectiveness claim, a petitioner must establish both deficient performance by counsel and actual prejudice as a result of counsel's deficient performance.  *Id.* at 687.  The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim.  *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness.  *Strickland*, 466 U.S. at 688.  In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy.  *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel

that are alleged not to have been the result of reasonable professional judgment.  *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).  However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.  *Strickland,* 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different.  *Id*. at 694.  To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair.  *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).  In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled.  *Id.*

A petitioner challenging his conviction pursuant to a guilty plea must adhere to the *Strickland* two-prong test.  *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985).  Therefore, a petitioner seeking relief on the ground of ineffective assistance of trial counsel in the context of a guilty plea must show that trial counsel's performance fell below an objective standard of reasonableness, and that petitioner was prejudiced by the deficient performance.  *Id*. at 57.  In applying this analysis, the court will look to whether counsel's ineffective performance affected the outcome of the plea process.  *Id*. at 59.  In other words, whether petitioner was prejudiced by counsel's ineffectiveness hinges on whether "there is a reasonable probability

that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*.

Petitioner poses the following seven claims for ineffective assistance of counsel.

A.   *Failure to File a Motion to Suppress*

Petitioner asserts that trial counsel was ineffective in failing to suppress his written confession, which was obtained as the result of an allegedly illegal search and seizure. (Docket Entry No. 3, p. 10).  In his response to the motion for summary judgment, petitioner claims that police confiscated his hand-written suicide note from his apartment during an illegal search and seizure, then used the note to obtain his written confession to the arson offense.  (Docket Entry No. 16, p. 8.)

In rejecting this claim on collateral review, the trial court made the following relevant conclusions:

> 4.   The applicant fails to show that counsel was ineffective for failing to file a motion to suppress applicant's statement because he fails to show that his suggested motion had merit and would have changed the outcome of the case.
>
> \*     \*     \*     \*
>
> 7.   The applicant fails to show in all things that trial counsel's conduct fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different.
>
> 8.   The totality of the representation afforded the applicant was sufficient to protect his right to reasonably effective assistance of counsel in the primary case.

12

*Ex parte Heard*, p. 90 (citations omitted).  The Texas Court of Criminal Appeals relied on these conclusions in denying habeas relief.

Petitioner's allegation that his written confession was the result of an illegal search and seizure is conclusory and unsupported by the record.  Indeed, petitioner simply averred on collateral review that "there was a reasonable probability" that his written confession was inadmissible.  *Ex parte Heard*, p. 42.  Petitioner fails to establish that, had counsel moved to suppress the confession, the motion would have been granted.  Petitioner establishes neither deficient performance nor prejudice under *Strickland*.  *See Hill*, 474 U.S. at 59.

Regardless, and independently of his written confession, petitioner pleaded guilty in open court.  As a part of his guilty plea, petitioner signed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," in which he confessed to the arson offense.  Clerk's Record at 24-25.  This judicial confession and stipulation was admitted into evidence without objection, R.R. Vol. 2, p. 7, and the trial court examined and admonished petitioner in open court, as follows:

THE COURT:      Mr. Heard, I'll show you what's been marked as State's Exhibit 1.  Is that your signature?

PETITIONER:      Yes, sir.

THE COURT:      Before you signed that, did you have the advice and counsel of your lawyer?

PETITIONER:      Yes, sir.

THE COURT:      Do you understand by signing this, you're waiving or giving up your rights?

13

| | |
|---|---|
| PETITIONER: | Yes, sir. |
| THE COURT: | You understand you're giving up your right to a trial? |
| PETITIONER: | Yes, sir. |
| THE COURT: | You understand you're giving up your right to a trial by jury? |
| PETITIONER: | Yes, sir. |
| THE COURT: | *You further understand that by signing this, you're admitting you committed this offense?* |
| PETITIONER: | *Yes, sir.* |

*Id.*, pp. 6-7 (emphasis added).  The trial court then found that, based on petitioner's plea and the evidence presented, there was evidence to substantiate petitioner's guilt.  *Id.*, p. 7. Declarations made under oath in open court carry a strong presumption of truth, forming a formidable barrier in any subsequent collateral proceedings. *Blackledge v. Allison*, 431 U.S. 63 (1977).  Petitioner does not overcome this presumption of truthfulness regarding his in-court confession, and neither deficient performance nor prejudice are shown.

The state court denied relief on this issue.  Petitioner fails to rebut the presumed correctness of this determination with clear and convincing evidence, or show that it was contrary to, or involved an unreasonable application of, established federal law.  Petitioner fails to meet his burden of proof, and no basis for habeas relief is shown.  Respondent is entitled to summary judgment dismissing this issue.

14

B.    *Failure to Investigate and Impeach the Complainant*

Petitioner alleges that trial counsel failed to investigate the criminal history of complainant, Martha McKnight, and impeach her with evidence of her purported prior convictions for prostitution and driving while intoxicated.  This Court has thoroughly reviewed the state court record and finds no probative evidence that complainant was ever convicted of these or any other criminal offenses.  Petitioner further complains that counsel failed to impeach complainant with evidence that she herself violated a protective order preventing any contact between petitioner and complainant.  Again, no probative evidence of such violation by complainant appears in the record.  Petitioner's allegations are conclusory, unsupported in the record, and fail to establish either deficient performance by trial counsel or prejudice.

Nor does the record establish that trial counsel did, or did not, undertake an investigation of complainant's background or criminal history, or set forth the parameters of any investigation counsel did undertake.  Accordingly, petitioner fails to rebut the *Strickland* presumption that trial counsel rendered reasonably effective assistance.  Even assuming deficient performance, petitioner fails to show that but for trial counsel's alleged error, his sentence would have been significantly less harsh.  *United States v. Grammas*, 376 F.3d 433, 438 n.4 (5th Cir. 2004); *Spriggs v. Collins*, 993 F.2d 85, 88 (5th Cir. 1993).

In rejecting petitioner's claim on collateral review, the trial court found that petitioner "fail[ed] to show that his trial counsel's pre-trial investigation and preparation fell below an

objective standard of reasonableness or that the outcome of the case would have been different but for the alleged deficient investigation." The trial court further found that petitioner was afforded reasonably effective trial counsel. *Ex parte Heard*, p. 90. The Texas Court of Criminal Appeals relied on these findings in denying habeas relief. Petitioner fails to rebut the presumed correctness of the state court's determination with clear and convincing evidence, or show that it was contrary to, or involved an unreasonable application of, established federal law. Petitioner fails to meet his burden of proof, and no basis for habeas relief is shown. Respondent is entitled to summary judgment dismissing this issue.

C.    *Failure to Challenge the Sanity Determination*

In his third argument relating to ineffective assistance of counsel, petitioner complains that trial counsel failed to challenge the "perfunctory" sanity evaluation. In his response to the motion for summary judgment, petitioner asserts that counsel should have objected to the "efficacy" of the "near non-existent psychiatric examination" regarding his legal sanity. (Docket Entry No. 16, p. 9.)

Neither in his response here nor in his state court pleadings does petitioner present any probative evidence that his sanity evaluation was so incomplete as to be subject to objection. While petitioner complains that the evaluator failed to use such "insanity tests" as inkblot and intelligence tests, nothing in the record establishes that these or any other particular tests were required for petitioner's evaluation. Nor does petitioner present probative evidence or legal authority showing that, had counsel objected to the evaluation, the objection would

16

have been granted.  The state court record does not contain any probative evidence that petitioner was, in fact, legally insane at the time he committed the arson offense.  Neither deficient performance nor prejudice under *Strickland* are shown.

In denying habeas relief on collateral review, the state trial court made the following relevant conclusions:

7.    The applicant fails to show in all things that trial counsel's conduct fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different.

8.    The totality of the representation afforded the applicant was sufficient to protect his right to reasonably effective assistance of counsel in the primary case.

*Ex parte Heard*, p. 90 (citations omitted).  The Texas Court of Criminal Appeals relied on these conclusions in denying habeas relief.

Petitioner fails to rebut the presumed correctness of the state court's determination with clear and convincing evidence, or show that it was contrary to, or involved an unreasonable application of, established federal law.  Petitioner fails to meet his burden of proof, and no basis for habeas relief is shown.  Respondent is entitled to summary judgment dismissing this issue.

D.    *Failure to Challenge the Competency Determination*

Petitioner complains that counsel failed to utilize the provisions of art. 46.02.§ 3, Texas Code of Criminal Procedure, to have him held for treatment for twenty-one days prior to his competency evaluation.  (Docket Entry No. 3, p. 10).  In raising this complaint,

17

petitioner relies on a now-repealed statute which provided that, "if defendant is free on bail, the court *in its discretion* may order him to submit to examination.  If defendant . . . refuses to submit to examination, the court *may* order him to submit to examination in a mental health facility . . . for a period not to exceed 21 days."  Act of May 18, 1977, 65th Leg., R.S., ch. 596, § 1, art. 46.02, sec. 1, 1977 Tex. Gen. Laws 1458,1458, repealed by Act of April 30, 2003, 78th Leg., R.S., ch 35, § 15, 2003 Tex. Gen. Laws 57, 72 (emphasis added).

Assuming temporal applicability of this repealed statute, petitioner fails to show that had trial counsel submitted such a motion, it would have been granted.  While petitioner frames the procedures outlined in the statute as "procedural guarantees," the language of the statute clearly provides the trial court with *discretionary* authority to hold petitioner in a mental health facility for up to twenty-one days.  Further, the statute plainly states that only defendants who are free on pretrial bail are subject to the statute's provisions.  Petitioner does not show, and the record does not reflect, that he was free on pretrial bail and, therefore, subject to such discretionary action by the trial court.[2]

Nor does petitioner show, or the state court record establish, that, had trial counsel sought and utilized procedures under the repealed statute, the result of the competency evaluation would have been favorable to petitioner.  By simply arguing that counsel should have requested the twenty-one day examination hold, with no indication as to the likely

---

[2] The state court record suggests that petitioner was detained at all times prior to his guilty plea and was not released on bail.  *See* Supplemental Clerk's Record at 146.

18

outcome of such an examination, petitioner has not shown that the allegedly deficient performance affected the outcome of his plea process in any way. Consequently, he establishes neither deficient performance nor prejudice. *See Hill*, 474 U.S. at 59; *West*, 92 F.3d at 1400.

Petitioner also alleges that trial counsel's assistance was deficient because he "falsely avers that Heard's competency was evaluated." (Docket Entry No. 3, p. 10). Although petitioner is correct in claiming that trial counsel mistakenly stated in his affidavit that a competency examination was successfully performed, petitioner does not explain how he was prejudiced by this misstatement under *Strickland* and *Hill*. This misstatement was made during the state habeas proceeding *after* petitioner pleaded guilty, and could not have impacted petitioner's decision to plead guilty. Regardless, the state court record does not reveal probative evidence that petitioner was incompetent at the time of his guilty plea.

Even assuming petitioner was clinically depressed or otherwise mentally ill at the time of his guilty plea, it does not automatically mean that he was incompetent under state law. As noted by the state court of appeals on direct appeal, "Assuming *arguendo* that mental illness could be proven, that would not be proof of incompetency to stand trial." *Heard*, *5. Under the applicable Texas statute, petitioner was required to rebut the presumption that he was competent to stand trial. *See* Act of May 18, 1977, 65th Leg., R.S., ch. 596, § 1, art. 46.02, sec. 1, 1977 Tex. Gen. Laws 1458,1458, repealed by Act of April 30, 2003, 78th Leg., R.S., ch 35, § 15, 2003 Tex. Gen. Laws 57, 72. To show such incompetency, petitioner must

establish that he lacked the ability to consult with his lawyer with a reasonable degree of rational understanding, and did not rationally or factually understand the proceedings against him.  *See Dusky v. United States*, 362 U.S. 402, 402-03 (1960).  The trial court on collateral review expressly found that petitioner's claim of incompetency was "unpersuasive," and that he failed to show that he did not have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" or "a rational as well as a factual understanding of the proceedings against him."  *Ex parte Heard*, p. 89 (citation omitted). Petitioner presents no probative evidence, and certainly no clear and convincing evidence, to the contrary.

Petitioner also alleges that trial counsel was ineffective for failing to ensure that a competency evaluation was performed prior to his guilty plea.  This argument, too, fails. Trial counsel did, in fact, recognize the need for such an evaluation, and he successfully obtained an order from the trial court requiring that petitioner undergo such an evaluation prior to trial.  *Ex Parte Heard*, at 126.  Petitioner, however, willfully refused to cooperate with the physician who attempted to perform the evaluation, because he "felt that the examination would hurt" his defense.  *Ex Parte Heard*, at 105.  The record indicates that petitioner, not trial counsel, was directly responsible for the fact that the competency evaluation was not completed.  Petitioner demonstrates neither the deficient performance nor prejudice required under *Strickland*.

Petitioner next alleges that counsel's performance was deficient in that he "wholly failed to address the illegal restoration of sanity order." (Docket Entry No. 3, p. 10).   In making this argument, petitioner simply assumes, without proof, that the restoration order was erroneous.  It is well established that counsel is not ineffective in failing to raise futile or meritless objections.  *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).  Petitioner does not show that, had counsel objected to the restoration order, the objection would have been granted.  Petitioner again fails to show either deficient performance or prejudice, and this claim of ineffective assistance is without merit.

In denying habeas relief on collateral review, the state trial court made the following relevant conclusions:

> 7.   The applicant fails to show in all things that trial counsel's conduct fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different.
>
> 8.   The totality of the representation afforded the applicant was sufficient to protect his right to reasonably effective assistance of counsel in the primary case.

*Ex parte Heard*, p. 90 (citations omitted).  The Texas Court of Criminal Appeals relied on these conclusions in denying habeas relief.

Petitioner fails to rebut the presumed correctness of the state court's determination with clear and convincing evidence, or show that it was contrary to, or involved an unreasonable determination of, the facts based on the evidence in the record.  Petitioner fails

to meet his burden of proof, and no basis for habeas relief is shown.  Respondent is entitled to summary judgment dismissing this issue.

E.     *Failure to Introduce Mitigating Evidence*

Petitioner complains that trial counsel neglected to introduce evidence at the punishment hearing that petitioner was intoxicated at the time of the arson offense.  (Docket Entry No. 3, p. 37).  In support, petitioner references statements appearing in his sanity evaluation that he drank two-thirds of a bottle of whiskey prior to the offense and considered himself  "very intoxicated" at the time.  Petitioner claims that this was mitigating evidence that, if known by the trial court, most likely would have resulted in the trial court assessing a less harsh sentence.

A review of petitioner's sanity evaluation reflects his statements that he had consumed two-thirds of a bottle of whiskey prior to the offense, and that he had considered himself "very intoxicated" at the time he set his ex-wife's house on fire.  *Ex parte Heard*, p. 124; Clerk's Record at 13.  A review of the state court record also reflects that the trial court was aware of theses statements.  During the punishment hearing, the trial court stated that, "The mental health evaluations are in the file.  The Court is aware of their contents."  R.R. Vol. 3, p. 26; Clerk's Record at 203.  Accordingly, the record shows that evidence of petitioner's intoxication was before the trial court for purposes of the punishment hearing, and petitioner's claim is without a factual basis.

The trial court rejected petitioner's claims on collateral review, and found that petitioner was afforded reasonably effective trial counsel. *Ex parte Heard* at 90. Petitioner fails to rebut the presumed correctness of the state court's determination with clear and convincing evidence, or show that it was contrary to, or involved an unreasonable application of, established federal law. Petitioner fails to meet his burden of proof, and no basis for habeas relief is shown. Respondent is entitled to summary judgment dismissing this issue.

F.    *Failure to Permit Petitioner to Review the Presentence Investigation Report*

Petitioner claims that counsel was deficient in failing to permit petitioner to review the presentence investigation report (the "PSI") prior to the sentencing haring. (Docket Entry No. 3, p.10). Petitioner alleges that, had he been allowed to read the PSI, it "would have lead to several objections," such as it was complainant who first violated a protective order by attending a family funeral, that petitioner's work history was verifiable, and that he was not homeless. *Id.*, p. 38.

Petitioner fails to show that counsel was deficient, as he presents no probative evidence supporting the factual basis underlying his proposed objections. Nothing in the record establishes that complainant violated a protective order, that petitioner's work history was verifiable, or that he was not homeless. This Court cannot consider petitioner's bald assertions, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

Petitioner's conclusory allegations fail to rebut the *Strickland* presumption that trial counsel provided effective assistance.  *See West*, 92 F.3d at 1400.

Moreover, trial counsel testified in his affidavit on collateral review that,

My recollection is that Mr. Heard was provided a copy [of the PSI] prior to the hearing and I had no objections to this report based upon my discussions with Mr. Heard, other than any that may be noted in the reporter's record, if any. My usual practice is to always object if my client informs me of any incorrect information in the PSI, and I have no reason to believe that I deviated from that practice in this case.

*Ex parte Heard*, p. 85.  The trial court on collateral review made the following relevant findings:

8.    The Court finds, based on the credible affidavit of [trial counsel], that applicant was provided a copy of the [PSI] prior to the hearing.

9.    The Court finds, based on the credible affidavit of [trial counsel], that [trial counsel's] usual practice is to object if informed by a client of incorrect information in the [PSI] and [trial counsel] had no reason to believe that he deviated from his usual practice in this case.

*Ex parte Heard*, p. 89 (citations omitted).  The trial court then concluded that petitioner was afforded reasonably effective trial counsel.  *Id.*, p. 90.  The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.  Petitioner's mere disagreement with trial counsel's testimony regarding the PSI does not stand as clear and convincing evidence rebutting the presumed correctness of the trial court's finding to the contrary.

Even assuming counsel was deficient in failing to provide petitioner a pre-hearing copy of the PSI, petitioner does not establish that he was prejudiced by counsel's purported deficiency.  The standard set out in *Spriggs* requires the Court to consider these factors in

24

weighing the alleged prejudice against petitioner during the punishment phase of trial:  (1) the actual amount of the sentence imposed on the defendant by the sentencing judge or jury; (2) the minimum and maximum sentences possible under the relevant statute or sentencing guidelines; (3) the relative placement of the sentence actually imposed within that range, and (4) the various relevant mitigating and aggravating factors that were properly considered by the sentencer.  *Spriggs*, 993 F.2d at 88.  Petitioner was sentenced to twenty years incarceration, which is only a fraction of the "term of life or any term of not more than 99 years" available for the first degree felony of arson.  Supplemental Clerk's Record at 137. In his closing argument, counsel introduced such mitigating evidence as petitioner's remorse for having committed the crime and counsel's reasonable opinion that petitioner suffered from "some form of mental illness" which could best be treated if petitioner were granted deferred adjudication.  Supplemental Clerk's Record at 208.  Considering these factors, and in light of the totality of the representation afforded petitioner, petitioner fails to show that he was prejudiced by counsel's alleged deficiency.

Petitioner fails to rebut the presumed correctness of the state court's determination with clear and convincing evidence, or show that it was contrary to, or involved an unreasonable application of, established federal law.  Petitioner fails to meet his burden of proof, and no basis for habeas relief is shown.  Respondent is entitled to summary judgment dismissing this issue.

G.    *Failure to Meet with Petitioner a Sufficient Number of Times*

Petitioner argues that counsel's assistance was deficient as a result of his failure to meet with him "a sufficient number of times to adequately assess Heard's competency, and to discuss the options available to Heard."  (Docket Entry No. 3, p. 10).

In rejecting petitioner's claims of ineffective assistance, the state trial court on collateral review concluded that:

> 5.    The applicant fails to show that his trial counsel's pre-trial investigation and preparation fell below an objective standard of reasonableness or that the outcome of the case would have been different but for the alleged deficient investigation.
>
> *    *    *    *
>
> 7.    The applicant fails to show in all things that trial counsel's conduct fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different.
>
> 8.    The totality of the representation afforded the applicant was sufficient to protect his right to reasonably effective assistance of counsel in the primary case.

*Ex Parte Heard* at 90 (citations omitted).  The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.

A review of the state court record and petitioner's pleadings in the instant proceeding shows no factual support for his claim.  Nothing in the record establishes how many times counsel met with petitioner or the content or substance of their discussions during any meetings.  Nor does petitioner present probative evidence of any material information that

26

counsel would have discovered given an additional meeting with petitioner.  Further, petitioner neither argues nor shows that, but for counsel's purported failure to meet sufficiently with him prior to trial, he would not have pleaded guilty and would have insisted on going to trial, or that there is a reasonable probability that his sentence would have been significantly less harsh.  Thus, neither deficient performance nor prejudice are established. *See Hill*, 747 U.S. at 57.

Further, the record reveals that petitioner agreed under oath and in open court at his guilty plea hearing that, "I am satisfied that the attorney representing me today in court has properly represented me and I have fully discussed this case with him."  Clerk's Record at 136.  Petitioner further agreed under oath and in open court that, "I am totally satisfied with the representation provided by my counsel and I received effective and competent representation."  *Id*. at 141.  Declarations made under oath in open court carry a strong presumption of truth, forming a formidable barrier in any subsequent collateral proceedings. *Blackledge v. Allison*, 431 U.S. 63 (1977).  Petitioner does not overcome this presumption of truthfulness regarding these in-court statements, and neither deficient performance nor prejudice are shown.

Petitioner fails to rebut the presumed correctness of the state court's determination with clear and convincing evidence, or show that it was contrary to, or involved an unreasonable determination of, established federal law.  Petitioner fails to meet his burden

of proof, and no basis for habeas relief is shown.  Respondent is entitled to summary judgment dismissing this issue.

*Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 13) is GRANTED. The petition for a writ of habeas corpus is DENIED, and this case is DISMISSED WITH PREJUDICE.  A certificate of appealability is DENIED.  Any and all pending motions are DENIED AS MOOT.

The Clerk is to provide a copy of this order to all parties.

Signed at Houston, Texas on July 7, 2008.

Gray H. Miller
United States District Judge

28